Ross, C. J.
This action was brought by the appellant to recover damages for injury to his stock which, lie-alleged, wandered upon the line dividing his land from that occupied by the appellees, and became entangled in barbed wires then being used by appellees in the construction of a fence on said division line. The complaint is in three paragraphs, to each of which demurrers were filed and sustained, and these rulings of the court are the errors assigned in this court.
The paragraphs are similar in their general allegations, the only material difference being in that they seek to-recover for injuries sustained at three separate and distinct times.
The material allegations of the first paragraph of the complaint are in substance as follows: “That oh the 2d day of October, 1892, the defendants (appellees) were-in possession of a tract of land adjoining the land owned by plaintiff, in Lawrenceburgtownship, Dearborn county, Indiana;” that.they undertook the erection of a barbed *473 wire fence on the line dividing their land from plaintiff’s, and, “in the process of the erection of said fence, carelessly and negligéntly strung and laid upon the ground, and on the line of such proposed line of fence, and, preparatory to stringing the same on the posts, three- or more barbed wires, with sharp and jagged barbs projecting from each of said wires, throughout their entire length, at spaces of six inches, and carelessly and negligently allowed said barbed wire to remain lying on the ground at said point, without any guard or protection to prevent the stock from said adjoining pasture fields from coming in contact therewith, and in said condition said wires were negligently and carelessly, temporarily abandoned by defendants, ’ ’ without guards, etc. That plaintiff’s stock, including a horse, was pasturing in his field adjoining the defendant’s land, and between which the fence was being erected; that the defendants knew plaintiff was so pasturing his stock, and that plaintiff had no knowledge of the defendants building said fence, but, that without fault on his part, his said horse wandered over to and became entangled in the barbed wires so placed on the ground by the defendants, -whereby its legs were cut, etc.,to plaintiff’s damage, etc.
It is very earnestly insisted by the appellee that neither paragraph of the complaint states a cause of action; that the facts alleged affirmatively show that the plaintiff was guilty of contributory negligence in permitting his stock to wander over to and become entangled in the wires. It is true that under the common law the owner of the stock is bound to keep them within his own inclosure, in other words, to keep them on his own premises, and if he suffers them to escape and go upon the lands of another, he must answer in damages. The Pittsburgh, etc., R. W. Co. v. Stuart, 71 Ind. 500, and cases cited. The common law is still in force in this *474 State, except insofar as it is changed by section 6564 et seq., R. S. 1894, which makes special provision for the erection and maintenance of partition fences. Under these provisions it is the duty of the adjoining landowners jointly to build and maintain partition fences. They may, however, by special agreement divide and set apart to each the portion which each is to build and maintain. When thus partitioned, each is answerable for the condition of that part set off to him. And provision is made that when one party fails to maintain his part of such fence, the other party may do so for him and recover therefor.
The right of the appellees to build a fence on the dividing line is not questioned, hence that right carried with it an exemption from liability while erecting it, provided they used due care in its erection and left it in a reasonably safe condition when completed. A lawful act may be done in such a negligent manner that if injury results an action will lie. On the contrary, the doing of an unlawful act does not always create a liability.
In this case the building of the fence was lawful, but the appellees had no right to be negligent in the manner of its construction or to leave it in an unsafe condition when completed. If, by reason of their negligence, appellant’s stock was injured without fault on his part contributing thereto, they must answer therefor.
A complaint very similar to that under consideration was held good in the case of McFarland v. Swihart, 11 Ind. App. 175. The opinion in that case is fully sustained by Sisk v. Crump, 112 Ind. 504.
While we may not approve all that is said by the court in the case of Sisk v. Crump, supra, it stands as the law in this State until overruled by the Supreme Court.
Following these authorities we must hold each para *475 graph of the complaint in the case under consideration, to be sufficient to withstand a demurrer for want of facts.
Filed Jan. 16, 1895.
Judgment reversed, with instruction to the court below to overrule the demurrers to each paragraph of the complaint.